UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**JORGE LUIS CASANOVA ORTIZ, et als.,**
Plaintiffs,

v.                                                                            **CIVIL NO. 05-1721(DRD)**

**AGENTS MARTIN REYES; ERNESTO**
**MORGADO, et als.,**
Defendants

### ORDER

      Before the Court is a civil action pursuant to alleged violations of plaintiffs' Fourth, Fifth, and Sixth Amendments of the Constitution of the United States. Plaintiffs allege that defendant, on July 2, 2004, agents illegally rushed into their home with the intention of detecting drugs and illegal money. They further allege that the search warrant authorizing said search was obtained through the use of an unidentified confidential informant whose information was never corroborated. The instant suit was filed on June 30, 2005. Service of summons and complaint was effectuated upon defendant agents on October 17, 2005 – eleven days before the 120-day period elapsed.

      Now, pending before the Court is defendants' *Motion to Dismiss and Memorandum of Law in Support of Motion to Dismiss*. (Docket No. 4). Through said motion, defendants move the Court to dismiss the complaint against them for lack of personal jurisdiction and for lack of proper service. Defendants argue that, this being a case against United States officers, Fed.R.Civ.P. 4(i)(1)(A)(B), and 2(A)(B), require plaintiffs to serve the United States as well as the officers through the delivery of a copy of the summons and complaint to the U.S. Attorney for the district in which the action is brought and the delivery, through certified mail, to the Attorney General of the United States, and plaintiffs has done neither. Defendants also aver that, even if they were to be served, it would not be within the statutory 120-day period and plaintiffs have not shown good cause to extend said period. Plaintiffs, on the other hand, sustain that the defendants acted in bad faith by not filing their motion to dismiss warning of service deficiency before the 120-day period had elapsed. Furthermore, plaintiff explain that the defendant agents are being sued in their individual capacity and, as such, a reasonable time to effect service on the United States must be allowed. (Docket No. 5).

      A party filing a motion under Fed.R.Civ.P. 12(b)(4), and/or 12(b)(5) is essentially contesting the sufficiency and the manner in which process of service was performed. A motion filed under said provision addresses, in particular, the delivery or the lack of delivery of the summons and the complaint. 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §1353 at 276. The party raising the insufficiency of service has, in turn, the absolute burden of specifically establishing to the Court how plaintiff failed to satisfy the requirements of the service provision utilized. *See* Photolab Corp. v. Simplex Specialty Co., 806 F.2d 807, 810 (8th Cir. 1986).

Fed.R.Civ.P. 12(b)(5), however, provides the Court an alternate course of action rather than simply dismissing the case when defendants' objection is raised.  5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1354 at 286.  Hence, instead, a great number of motions requesting dismissal filed under Rule 12(b)(5) are often treated as motions to quash service of process.  Movants, thus, usually request the quash of service in the alternative.  Id., at 286-87.  Moreover, district courts possess broad discretion to dismiss the action or retain the case and quash the service made on the defendant.[1]

Understanding that Rule 12(b)(5) references dismissal when contesting the sufficiency of the service of process executed, the Court now turns to the rules governing service of process.

The plain language of Fed.R.Civ.P. 4(i) mandates that, in order to properly serve a United States officer, plaintiff **must** deliver a copy of the summons and the complaint to the U.S. Attorney's Office for the district in which the action is brought **and** to the Attorney General of the Untied States.  "A failure to comply with the requirements prescribed by both Rule 4(i)(1)(A) and 4(i)(1)(B) normally will lead to a dismissal of the action by the district court, as the many illustrative cases [] clearly indicate, although some federal courts have been more liberal and have permitted the defect on service to be cured by the plaintiff in a wide range of factual circumstances."  4B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE §1106 (3d ed. 2002).  Along that same line, Rule 4(i) does provide for certain relief from these requirements when it establishes that "the court shall allow a reasonable time for service of process under this subdivision for the purpose of curing the failure to serve multiple officers, agencies, or corporations of the United States if the plaintiff has effected service on either the United States Attorney or the Attorney General of the United States."  Graves v. Houston, 1997 U.S. Dist. LEXIS 15667, *11 (D.Mass. Sept. 16, 1997).

In this case, plaintiffs served the individual defendant agents.  They failed, however, to deliver a copy of the summons to the U.S. Attorney or the Attorney General of the United States as required by the Fed.R.Civ.P.  There is no question, thus, that this failure renders improper the service of the United States.  Hence, their claim should be dismissed under Rule 12(b)(4), and (5).  *See* Sullivan v. FCC, 2002-2 U.S. Tax Cas. (CCH) P50,534; 89 A.F.T.R.2d (RIA) 1244.  Finally, the Court is aware that, upon the filing of defendants' motion to dismiss, plaintiffs attempted to serve process upon the U.S. Attorney for the District of Puerto Rico, and that he, in turn, refused to receive the documents.  (Docket No. 6).  Notwithstanding, without requesting from the Court an extension of the 120-day period proscribed by Rule 4(m), and without even so much as arguing good cause for said untimely attempt at serving process upon the United States, plaintiffs service of

---

[1] It is well known that the dismissal of the action under Fed.R.Civ.P. 12(b)(5) is inappropriate when there is a "reasonably conceivable means" through which service may be obtained and jurisdiction acquired over the defendant.  *See* Grant-Brooks v. National Credit Home Equity Servs. Corp., 2002 WL 424566; (D.C. Tex. 2002); Stanga v. McCormick Shipping Co., 268 F.2d 544, 554 (5th Cir. 1959).  Furthermore, if the first service is ineffective, and the defects are curable, the Court should treat a motion to dismiss as a motion to quash service of process in the alternative and retain the case pending effective service.  *See* Bailey v. Boilermakers Local 667 of Int'l Bhd. of Boilermakers, 480 F.Supp. 274 (D.C.W.Va. 1979).

process would have still been outside the statutory period.  Although this result may seem overly formalistic, the Supreme Court is adamant about federal judges carrying out the rules of procedure even if those same rules do not strike the judges as optimal.  *See* Leatherman v. Tarrant County, 507 U.S. 163 (1993); Torres v. Oakland Scavenger Co., 487 U.S. 312 (1988); Schiavone v. Fortune, 477 U.S. 21 (1986).

Accordingly, the Court has no other choice but to **GRANT** defendants' motion to dismiss (Docket No. 4), and **DISMISS WITHOUT PREJUDICE** the instant claim.

Judgment will be issued accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 10th day of April of 2006.

s/ Daniel R. Dominguez
**DANIEL R. DOMINGUEZ**
**U.S. DISTRICT JUDGE**
